**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RAPHAEL M. PROVINO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-213-KC |
| | § | |
| **CHRISTOPHER WRAY et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered the above-captioned case. On August 16, 2023, the Court referred Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 13, to Magistrate Judge Miguel A. Torres for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636. On August 29, 2023, the Magistrate Judge filed his Report and Recommendations, ECF No. 18, granting the motion to proceed in forma pauperis but recommending that the Complaint be dismissed. R&R 3–4. Plaintiff received the R&R on September 22, 2023, FedEx Receipt, ECF No. 21, and has not filed any objections. The deadline to do so has elapsed. *See* 28 U.S.C. § 636(b)(1)(C). When reviewing portions of a report and recommendation the parties did not object to, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[1] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The United States Magistrate Judge to whom the Court referred this matter screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. R&R 1. Under Section 1915, "the Court must dismiss the complaint . . . if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted." R&R 2 (citing 28 U.S.C.

---

[1] Federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

§ 1915(e)(2)(B)(i)–(ii)). "A complaint may be deemed 'malicious' if it 'duplicates allegations of another pending federal lawsuit by the same plaintiff.'" R&R 2 (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)).

The Magistrate Judge took judicial notice of Plaintiff's May 24, 2023, filing of an identical Complaint in the U.S. District Court for the District of Nevada. *See* R&R 3 (quoting *In re SI Restructuring Inc.*, 480 F. App'x 327, 328 (5th Cir. 2012) (per curiam)). Because Plaintiff filed his Complaint in this district on May 30, 2023, *see* Compl., ECF No. 1, the Magistrate Judge found that Plaintiff's later-filed, identical Complaint in this case was malicious under Section 1915. R&R 3. Accordingly, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint with prejudice, but without prejudice "to Plaintiff's pursuit of his lawsuit in the U.S. District Court for the District of Nevada." R&R 4.

The day after the Magistrate Judge issued the R&R, the U.S. District Court for the District of Nevada dismissed Plaintiff's Complaint there for improper venue.[2] *Provino v. Wray*, No. 23-cv-211, 2023 WL 5612523, at *1 (D. Nev. Aug. 30, 2023). That court dismissed Plaintiff's Complaint because it concluded that a district court in the state of Texas was the proper venue. *See Provino v. Wray*, No. 23-cv-211, 2023 WL 5614952, at *1 (D. Nev. Aug. 9, 2023), *report and recommendation adopted by Provino*, 2023 WL 5612523, at *1. The Magistrate Judge's recommendation to dismiss Plaintiff's Complaint because of the then-pending lawsuit in the District of Nevada rested on a sound basis at the time it was issued. *See* R&R 3. But the subsequent dismissal of Plaintiff's Complaint in the District of Nevada rendered it clearly erroneous—Plaintiff cannot pursue the now-dismissed case.

---

[2] A district "court may take judicial notice of a document filed in another court . . . to establish the fact of [ ] litigation . . . ." *In re SI Restructuring Inc.*, 480 F. App'x at 329 (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830–31 (5th Cir. 1998)).

However, venue is improper here too.  Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2).  There is no indication in Plaintiff's Complaint that any Defendant resides in the Western District of Texas, that any of the events or omissions occurred here—let alone a substantial part of them—or that the property at issue is located here.  *See generally* Compl.

When venue is improper in the district in which the action was filed, the district court may transfer the case sua sponte.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers [under Section 1404(a)] may be made *sua sponte*."); *Vine v. PLS Fin. Servs., Inc.*, No. 16-cv-31-PRM, 2018 WL 3118691, at *2 (W.D. Tex. June 25, 2018) ("District courts have 'broad discretion in deciding whether to order a transfer' pursuant to § 1404(a)." (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998))).  Plaintiff alleges that several of the Defendants, as well as the property at issue, are located within the Southern District of Texas' Brownsville Division.  *See* Compl. 2–3, 5, 7, 9–11.  The Court thus finds that venue is appropriate in that Division.

Accordingly, the Court **REJECTS** the R&R.

**IT IS FURTHER ORDERED** that the case **SHALL BE IMMEDIATELY TRANSFERRED** to the United States District Court for the Southern District of Texas, Brownsville Division.

**SO ORDERED.**

SIGNED this 10th day of October, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE