United States District Court
Southern District of Texas
**ENTERED**
March 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAPHAEL M. PROVINO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-149 |
| | § | |
| CHRISTOPHER WRAY, *et al.*, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## ON DISMISSAL OF PLAINTIFF'S COMPLAINT

### I.    Synopsis

Before the Court is a complaint filed by Raphael M. Provino ("Provino") on May 30, 2023. Dkt. No. 1. Provino alleges that he and Helen Provino are victims of multiple "fleecer[s]" through a "bait and switch" real estate offer for the sale of a property in Laguna Vista, Texas. *Id.*  This complaint was originally filed in the United States ("U.S.") District Court for the Western District of Texas, El Paso Division. While in the Western District of Texas, Provino's application to proceed *in forma pauperis* ("IFP") was granted, and the U.S. District Court for the Southern District of Texas, Brownsville Division was determined to be the appropriate venue for adjudication of Provino's claims. Dkt. Nos. 18, 23. The Court recommends Provino's case be dismissed with prejudice pursuant to 28 U.S.C. 1915(e). The Court further recommends Provino be declared a vexatious litigant and sanctioned as to preclude him from further filing without first obtaining leave of Court. All other case deadlines, including submission of a joint discovery/case management and proposed scheduling order, are stayed pending the District Judge's consideration of this report and recommendation. Provino's Motion to Appear for Hearing (Dkt. No. 57) is denied as moot.

### II.    Jurisdiction and Venue

The Court has jurisdiction under 28 U.S.C. § 1361, because Provino moves to compel a duty to investigate and prosecute of many officers and employees of the United

States government.  In the alternative, the Court has jurisdiction under 28 U.S.C. § 1332 as Provino lists a Nevada address, diverse from the federal government and Cameron County defendants.

Venue is proper in this District and Division because a substantial portion of the alleged events giving rise to Provino's lawsuit occurred here. Dkt. No. 1 (Complaint describing real estate offer of property located in Cameron County, Texas); 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

### III.   Background

#### a.  Procedural History

On May 30, 2023, Provino filed his complaint against all defendants in the U.S. District Court for the Western District of Texas, El Paso Division. Dkt. No. 1.

From the date of filing through August 6, 2023, the Western District of Texas, El Paso Division allowed Provino's case to remain on the docket despite his failure to pay the required filing fee. To fix the procedural error, the Western District issued an Order requiring Provino to pay the fee or apply to proceed *in forma pauperis*. Dkt. No. 8.  Provino did not comply with the Western District's Order on fee payment. The Western District then issued a Show Cause Order extending filing deadlines for the fee payment. Dkt. No. 11. In response to the Show Cause Order, Provino filed an initial application to proceed *in forma pauperis*. Dkt. No. 13.

On August 16, 2023, the IFP Motion was referred to United States Magistrate Judge Miguel A. Torres of the Western District of Texas, El Paso Division. Dkt. No. 15.

On August 29, 2023, Magistrate Judge Torres issued a Report and Recommendation as to the disposition of this case. Dkt. No. 18.  Magistrate Judge Torres recommended Provino's IFP Motion be granted. *Id.* at 1.  Magistrate Judge Torres further recommended that Provino's complaint be dismissed with prejudice to refiling in the U.S. District Court for the Western District of Texas but without prejudice to Provino's then-present pursuit

of substantially similar claims in the United States District Court for the District of Nevada, Reno Division.[1] *Id.* at 4.

On October 10, 2023, United States District Court Judge Kathleen Cardone of the Western District of Texas, El Paso Division issued an Order rejecting the Report and Recommendation of Magistrate Judge Torres, because "[t]he day after the Magistrate Judge issued the R&R, the U.S. District Court for the District of Nevada dismissed the Plaintiff's Complaint there for improper venue."[2] Dkt. No. 23, p. 2. Judge Cardone found the United States District Court for the Southern District of Texas, Brownsville Division to be the proper venue for Provino's claims and ordered the case be transferred. *Id.* at 3.

On October 11, 2023, this case was transferred to the U.S. District Court for the Southern District of Texas, Brownsville Division. Following this transfer, the case was electronically received by the Clerk of Court on October 12, 2023, and a new case opened in this Court under the cause number referenced in the above case caption.[3] Dkt. No. 24.

On November 1, 2023, United States District Court Judge Rolando Olvera set an Initial Pretrial and Scheduling Conference for February 13, 2024. Dkt. No. 27.

On November 16, 2023, the Court terminated the Initial Pretrial and Scheduling Conference. The Court referred Provino's case to United States Magistrate Judge Karen Betancourt.

On November 22, 2023, Magistrate Judge Karen Betancourt issued an Order on Case Management. Dkt. No. 30. The Order set March 18, 2024, as the submission deadline for a joint discovery/case management plan and proposed scheduling order. *Id.* at 1. The Order also required that a certificate of interested parties be filed within 15 days of receipt of the order. *Id.* Provino successfully received delivery of this Order, evidenced by the return receipt dated December 6, 2023. Dkt. No. 32.

---

[1] *Provino v. Wray*, No. 3:23-cv-211-MMD-CSD, 2023 WL 5612523, (D. Nevada Aug. 20, 2023)

[2] Chief United States District Judge Miranda M. Du dismissed Provino's claims in the District of Nevada in their entirety and without prejudice for improper venue. *Provino v. FBI Dir. Christopher Wray*, No. 3:23-cv-00211-MMD-CSD, 2023 U.S. Dist. LEXIS 152860 (D. Nev. 2023)

[3] This case was accepted as a transfer from the United States District Court for the Western District of Texas, El Paso Division, and it was previously styled as 3:23-cv-00213. Dkt. No. 24.

On December 21, 2023, Provino missed his deadline to submit a certificate of interested parties.  Dkt. Nos. 30, 32. No certificate of interested parties has been filed by Provino as of this writing.

On January 4, 2024, the Court issued an Order for More Definite Statement, requiring Provino to file responses by February 9, 2024, to numbered questions sent to give Provino the opportunity to better explain the facts of his complaint. Dkt. No. 36.  The Order for More Definite Statement also notified Provino that "[n]o summons will be issued, no discovery will be conducted, and *no supplemental filings* will be fully resolved until the Court has completed an evaluation of Provino's responses." (emphasis in original) *Id.* at 1, 3.

From December 26, 2023, through January 30, 2024, the Court has received over 20 separate requests for federal subpoenas spread across 13 docket entries from Provino. Dkt. Nos. 33-35, 38-46, 50.

On January 24, 2024, the Court sent Provino written notice advising him of the cancellation of the previously scheduled February 13, 2024, initial pretrial conference. Dkt. No. 47. The Court also warned Provino of the Court's inherent power to sanction him if he continued to file repeated frivolous lawsuits, untimely requests, unwarranted supplemental filings, or otherwise abuse the judicial process. *Id.* at 4.

From February 1, 2024, onwards this Court has received piecemeal responses to the Court's Order for More Definite Statement. Dkt. Nos. 52-55.

On February 21, 2024, the Court received Provino's Motion to Appear for Hearing before the United States District Court for the District of Nevada, Reno Division. Dkt. No. 57. In his motion, Provino requests the Court "ORDER DEFENDANTS TO PAY $35 Million DOLLARS U.S. TO HELEN S. PROVINO WITHIN THIRTY DAYS OF MOTION." *Id.* Further, he asks to "APPEAR B#EFORE [*sic*] FEDERAL COURT IN RENO TO HEAR PLAINTIFFS AND PRESENT SOME EVIDENCE THAT WIOL [*sic*] LEAD TO HEARING OF DEFENDANTS BEFORE THE U.S. FEDERAL COURTS FOR QUESTIONING OF FLEECING ETCETERA." *Id.*

On February 27, 2024, the Chambers of Magistrate Judge Karen Betancourt received a Letter to the Judge from Provino demanding a trial date and improperly styled as a motion.  Dkt. No. 58.

### b.  Factual History

In his case, Provino alleges wrongful actions centering around a piece of real property located at 242 Sana Isabel, Laguna Vista, Texas. Dkt. No. 1, p. 13.  The defendants fall into one of two categories: (1)  those involved in the property sale contract and (2) those from whom Provino seeks general equitable and/or mandamus relief for an alleged lack of investigation and prosecution of the circumstances of sale of the real property and related "extradition fraud." Dkt. No. 1. From the complaint of Provino's case, those defendants involved in the property contract are:  Jeffrey E. Church, Juan T. Mendez, III, Lorda Corp. Realty, First American Title Corporation of Texas, Furcron Realty, Surfside 1 Condominium Owners, Prudentia Corporation of America, First American 1031 Exchange Corporation of Portland, Oregon, First American Title Insurance Company of Texas, David G. Suisse, Keith Cummins, Lori Ann Taylor Suisse, David Lorrie Corporation (DALOR), and Lorrie David Corporation (LORDA CORP). *Id.* Those defendants involved in the alleged lack of investigation and prosecution are: Christopher Wray as Director of the Federal Bureau of Investigation, John Richards as Texas State Fraud Investigator, Rick Perry as Former Governor of the State of Texas, the Texas State Bar, the Texas Department of Real Estate, the Texas Department of Insurance, Mr. Watson of the Texas Department of Insurance, the United States Federal Courts, the State of Texas, Cameron County, Texas, Travis County, Texas, the Texas Department of National Banking, the Cameron County Prosecutor's Office, Cameron County District Attorney, Rob Carter as State Commissioner of Texas of Title Fraud, the Texas Department of Title Insurance, the United States Federal Government, the United States Treasury, Barack Hussein Obama, Donald J. Trump, George Walker Bush, and the Texas Attorney General's Office. *Id.* No service of process or summons has been issued to or received by any defendant.

Provino claims a "coverup of a real estate offer, then sale" of the Laguna Vista property somehow related to a "bait and switch fraud." *Id.* Provino alleges "an embezzlement of my insurance checks … in a conspiracy … to steal insurance money. then extort us." Dkt. No. 1. Provino alleges he placed earnest money on the property and paid at least $382,944.19 towards the purchase of this property. Dkt. No. 53, p. 1. These actions, he alleges "give h3elen [*sic*] provino a heart attack and kill her." Dkt. No. 1, p. 13. While the dates of some claims remain known only to Provino, he maintains a "WITHHOLDING THE EXTRODITION [*sic*] FRAUD FOR THE PAST 18 YEARS" and "THIS IS TEXAS LARCENY, BAIT AND SWITCH, OBSTRUCTION OF JUSTICE, AND WITHHOLDING OF INFORMATION TO THE YEAR, FOR 11 YEARS, FROM THE PROVINOS IN ORDER TO COMMIT SWINDLE AND LARCENY." *Id.* at 16. In supplemental filings, Provino states that the closing date for property sale was "julty [*sic*] 2end 2005" with a "10 day right of cancellation and the date was JULY 10th 2005. Dkt. No. 53, p.1. Provino requests varying amounts of monetary relief ranging from 30 million dollars to 35 million dollars. Dkt No. 1, p. 17; Dkt No. 55, p. 1. In his claims against federal officers, Provino maintains claims of "extradition fraud," "coverup," "conspiracy to commit [*sic*] larceny," and a general failure to act in their official capacity to investigate his claims. Dkt. No. 1. Further claims by Provino remain undiscernible even after his multiple responses to the Court's Order for More Definite Statement. Dkt. Nos. 52-55.

### c.  Related Cases

Prior to the filing of the case in the United States District Court for the Western District of Texas, El Paso Division, Provino filed multiple other cases with similar claims and defendants.[4] The list is as follows:

1) In 2018, Provino filed a complaint in Nevada on behalf of Helen Provino alleging "murder" and "theft" and identifying several of the Defendants named in the case currently before the Court; the case was dismissed with prejudice as frivolous, failing to state a claim upon which relief may be granted, and improper

---

[4] The Court takes judicial notice of documents filed in other cases to establish the fact of such litigation and filings. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); Fed. R. Evid. 201(b)

jurisdiction. [5]  *Provino v. Abbott*, No. 3:18-cv-00203-MMD-WGC, 2018 U.S. Dist. LEXIS 93093 (D. Nev. 2018).

2) In 2020, Provino filed an amended complaint in the Northern District of Alabama describing a "bait and switch" fraud and "fleecing," but this case was ultimately dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Provino v. Biden*, No. 2:20-cv-1711-ACA, 2020 U.S. Dist. LEXIS 234890 (N.D. Ala. 2020).

3) In April 2021, Provino filed a complaint in the Eastern District of Texas alleging "murder and fleecing of Helen S. Provino," and the case was dismissed with prejudice as wholly frivolous under 28 U.S.C. §1915(e)(2)(B)(i).[6]  *Provino v. Suisse*, No. 1:21-cv-143, 2021 WL 3741710 (E.D. Tex. Aug. 2021).

4) In September 2021, Provino initiated a case in Nevada and alleged 33 separate causes of action; the case was determined to be frivolous then dismissed without prejudice. *Provino v. Tex. Gov't*, No. 3:21-cv-00427-MMD-CLB, 2021 U.S. Dist. LEXIS 235798 (D. Nev. 2021). Provino further pursued this case in the United States Court of Appeals for the Ninth Circuit, where the appeal was deemed similarly frivolous and accordingly dismissed. *Provino v. Tex. Gov't,* 2022 U.S. App. LEXIS 19900 (9th Cir. 2022).

5) In October 2021, Provino filed a complaint in Nevada alleging "federal treaty, discrimination, torture, cruel & unusual punishment, and mistreatment of blind." This case was dismissed without prejudice. *Provino v. Mendez*, No. 3:21-cv-00462-MMD-CLB, 2021 U.S. Dist. LEXIS 235793 (D. Nev. 2021). Provino further pursued this case in the United States Court of Appeals for the Ninth Circuit, where the appeal was deemed similarly frivolous and accordingly dismissed. *Provino v. Mendez*, No. 21-17136, 2022 U.S. App. LEXIS 19487 (9th Cir. 2022).

---

[5] As the Nevada Court makes a specific finding of lacking jurisdiction to hear Provino's claim, the doctrine of *res judicata* cannot be reviewed in relation to the instant case.

[6] While dismissed with prejudice, this Texas case fails to establish itself in a court of competent jurisdiction to invoke the doctrine of *res judicata* in relation to the instant case.

6) In August 2022, Provino filed a complaint in Nevada alleging "extortion and murder of Helen S. Provino" among other claims. This case was also dismissed without prejudice. *Provino v. Cameron Cty., Tex*., No. 3:22-cv-00341-ART-CSD, 2022 U.S. Dist. LEXIS 188029 (D. Nev. 2022).

7) On May 24, 2023, Provino filed a complaint in Nevada identical to the one received in the case currently before the Court, but the claims were dismissed without prejudice for improper venue. *Provino v. FBI Dir. Christopher Wray*, No. 3:23-cv-00211-MMD-CSD, 2023 U.S. Dist. LEXIS 152860 (D. Nev. 2023).

By his own admission, Provino has filed related property claims "in 2014 in Federal Court in Missouri 6x times in Nevada Federal Court and in Florida Federal Court in 2018, and in California Supreme Court of Appeals." Dkt. No. 52, p. 1.

## IV. Applicable Law

### a. Procedural Leniency for Unrepresented Plaintiffs

Plaintiffs proceeding without a legal representative are considered pro se plaintiffs and receive the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). However, pro se pleadings must still contain sufficient facts to support their claims, and the plaintiff is still required to "fundamentally abide by the rules that govern the federal courts." *United States v. Pineda*, 988 F.2d 22,23 (5th Cir. 1993); *Fryer v. United States*, EP-19-CV-00134-DCG-ATB, 2020 WL 6588397, at*3 (W.D. Tex. July 20,2020) (quoting *E.E.O.C. v Simbaki, Ltd.,* 767 F.3d 475, 484 (5th Cir. 2014). A party's pro se status does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### b. *In Forma Pauperis*

Dismissal of a complaint prior to service of the defendants is authorized to "discourage the filing of, and waste of judicial and private resources, upon, baseless lawsuits that paying litigants generally do not initiate because of the threats of sanction for

bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court may dismiss a case on its own motion; the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal. *Id.*

28 U.S.C. § 1915(e)(2) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the Court determines at any time the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 F. App'x 65,66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint in a civil action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon relief may be granted, or seeks monetary relief from a defendant who is immune.").  Such screening under §1915 applies to prisoners and non-prisoners alike. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231-233. (5th Cir. 2002) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant); *James v. Richardson*, 344 Fed.Appx. 982, 983 (5th Cir. 2009)  (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Walters v. Scott*, No. H-14-1637, 2014 U.S. Dist. LEXIS 159190, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases.").

### i.    28 U.S.C. § 1915(e)(2)(B)(i) – Frivolous or Malicious

A complaint is frivolous when it lacks a basis in law or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be deemed "malicious" if it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Holm v. Comal Cnty. Sheriff's Off.*, No. SA-20-CV-00826-XR, 2020 WL 4227438, at *1 (W.D. Tex. July 23, 2020) (quoting *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 Fed. App'x 341, 343–44 (5th Cir. 2013)).  The "baseless" category includes those allegations which describe "fanciful,

fantastic, and delusional" scenarios or those claims that "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33.  The Fifth Circuit has long held that a complaint lacks an arguable basis in law if it based on an indisputably meritless legal theory, such as if the complaint alleges violation of legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  One such baseless allegation is a plaintiff's attempt to compel an investigation or have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Starrett v. City of Richardson,* 766 F. App'x 108, 111 (5th Cir. 2019), cert. denied, 140 S. Ct. 122 (2019); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws.") (internal quotations omitted).  At the appellate level, cases dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) are reviewed for abuse of discretion. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.).

### ii.    28 U.S.C. § 1915(e)(2)(B)(ii) - Failure to State a Claim

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies." *Graves v. Cain*, 734 Fed. Appx. 914, 915 (5th Cir. 2018) (citing *Eason v. Thaler*, 14 F.3d 8,9 (5th Cir. 1994)). To aid the Court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). Responses to these questionnaires and hearings become part of the pleadings.  *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).  In evaluating a plaintiff's pleadings, the Court will not "strain to find inferences favorable to the plaintiff [], nor will it "accept conclusory allegations, unwarranted deductions or legal conclusions." *Barrie v. Intervoice-Brite, Inc.,* 397 F.3d 249, 254-55 (5th Cir. 2005). On appeal, a dismissal for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii) is reviewed by courts using the same standards used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6), taken as the analogous analysis for failure to state a claim under 28 U.S.C §1915(e)(2)(B)(ii), contemplates dismissal of a complaint when a litigant fails to state a claim upon which relief may be granted. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (noting that §1915A(b)(1), §1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language). To avoid dismissal under a 12(b)(6), a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam) *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

### c.  Vexatious Litigation

Federal courts have "the inherent authority" to take steps to protect the integrity of the court from vexatious litigants. *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir. 1986).  Courts must exercise this inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express, Inc.*, 447 U.S. at 766, 100 S.Ct. 2455; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "The threshold for the use of inherent power sanctions is high." *Reed v. Iowa Marine and Repair Corp.,* 16 F.3d 82 (5th Cir. 1994). The Supreme Court has cautioned that "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991). Therefore, before using inherent power to issue a pre-filing injunction, a court must weigh all the relevant

circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181,189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). In punishing misbehavior, courts should impose no more than the minimal sanctions necessary to correct the offending conduct. *In re First City Bancocorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).

## V.   Analysis

### a.  *in forma pauperis*

It is the recommendation of this Court that the claims in this case be dismissed as frivolous and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). This, because 28 U.S.C. § 1915(e)(2) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the Court determines at any time the action is (i) frivolous or malicious (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.

While in the U.S. District Court for the Western District of Texas, El Paso Division, Provino's motion to proceed *in forma pauperis* was granted. Dkt. No. 18. The Court considers Provino's *in forma pauperis* status upheld in the Southern District of Texas, Brownsville Division.  Consequently, Provino's claims are subject to continual review under 28 U.S.C. §1915.

The Court first reviews Provino's claims under 28 U.S.C. §1915(e)(2)(B)(i) for evidence that the claims are frivolous or malicious.  Despite giving Provino the benefit of liberal construction of his pleadings and the Court's attempt to better discern his claims through the Order for More Definite Statement, the claims remain largely unintelligible. *See generally* Dkt. No. 1; Dkt. Nos. 52-55. When prompted by the Court for a timeline and individual claims, Provino engages in seeming fantastical ideation, e.g. "in 2013 Rick Perry

sent me a text message saying Ralph Provino was in England and that he has $350,00 dollars." Dkt. No. 52, p.4.

Although pro se complaints are to be construed liberally, they must still conform to established pleading standards. Provino makes allegations of "extradition fraud" against several defendants. Dkt. No. 1, pp. 3-10, 12-13, 16, 18. However, these claims are not legally cognizable. Provino also attempts to allege conspiracies to commit larceny and fraud. Dkt. No. 1, pp. 11, 13.  The fraud claims remain undefined even after several responses to the Court's Order for More Definite Statement. Dkt. Nos. 52-55.  References to named defendants, i.e. Christopher Wray, Barack Hussein Obama, and Rob Carter, are made in passing with no elaboration as to their involvement in the case. This is in direct conflict with the pleading requirements of Federal Rule of Civil Procedure 9(b).  More specifically, Fed. R. Civ. P. 9(b) contemplates proper pleading of fraud charges, requiring plaintiffs to "state with particularity the circumstances constituting the fraud" to survive a challenge for failure to state claim. This means a court will dismiss the case unless the plaintiff can adequately plead, "the who, what, when, where, and how to be laid out" for an alleged fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).  Provino fails to plead the necessary elements of civil fraud even after the Court's attempt to have Provino better define his claims via the Order for More Definite Statement. Dkt. No. 36; Dkt. Nos. 52-55.  Taking all of Provino's allegations and recitals to be true, this Court would be unable to provide Provino with the redress he seeks. Therefore, the Court considers Provino's "bait and switch," larceny, and fraud-related claims as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

Upon further review of the record, the Court finds Provino's allegations do not survive review under 28 U.S.C. §1915(e)(2)(B)(ii). Provino's allegations fail to state a claim on which relief may be granted. The core objective when reviewing the sufficiency of a complaint is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclays Banks, PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  Taking one of Provino's allegations as an example, Provino claims "30 million dollars" is owed to him by "the FBI Director for withholding their investigation

and covering up their extradition fraud for 10 years." Dkt. No. 1, p. 18.   There is no constitutional right to this relief. *See Starett v. City of Richardson,* 766 F. App'x 108, 111 (5th Cir. 2019) (holding there is no federal constitutional right to an investigation); *see also Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990) (holding that there is no constitutional right to have someone criminally prosecuted).

As to his claims related to the real property located at 242 Santa Isabel, Laguna Vista, Texas, Provino claims a "coverup of a real offer then sale." Dkt. No. 1.  When asked to describe any interest he may have in the property, Provino claims he "bought the property from Jeffrey E. Church" and asked "to put my name on the title and have it read Helen Provino and Ralph Provino." Dkt. No. 52, pp. 1-2.  However, he simultaneously complains of a failure to "return my $382, 944.19 and my earnest money" and "crooks at Cameron County remov[ing] name from the title."   Dkt. Nos. 52, 53. When asked to describe the real estate offer and any related embezzlement claims, Provino claims, "it started in 2005 and has continued to this day."[7]  Dkt. No 52, p. 4.  It is unclear whether Provino takes issue with a potentially completed purchase of the property or with a potential failure to release him from the property sale contract terms which allegedly included a "10 day right of cancellation." Dkt. No. 53, p.1.  Due to this lack of clarity, the Court finds Provino's property-related claims do not survive review under 28 U.S.C. §1915(e)(2)(B)(ii), because they fail to state a claim on which relief may be granted.

Provino has been granted permission to proceed in forma pauperis, but "no one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981), cert. denied, 454 U.S. 1087 (1981). As to those defendants not directly involved in

---

[7] Examination of the prior case history raises questions as to the applicable statute of limitations governing Provino's knowledge of the alleged harm. However, application of a limitations period is a fact-intensive inquiry and inappropriate for consideration under Rule 12(b)(6). *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 154 (2d Cir. 2003). Therefore, the Court declines to undertake this analysis at this time.

the property contract, the Court can find no basis in law or fact to retain claims against them for any alleged failure to investigate, prosecute or extradite.

While true that a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d at 764, 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Here, Plaintiff Provino has had the opportunity to amend his pleadings through the Order for More Definite Statement and previous case history, yet his claims remain improperly plead. Therefore, the Court's recommendation is dismissal of all Provino's claims.

### b. Sanctions/Vexatious Litigant Status

The Court recommends Provino be declared a vexatious litigant and enjoined from filing any lawsuits in this District without prior permission. *See, e.g., Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815-16 (5th Cir. 2017) (affirming injunction against pro se litigants who repeatedly attempted to litigate issues that were resolved against them or that they had no standing to assert). A court may impose a prefiling sanction on a vexatious litigant, if the following factors weigh in favor of doing so:  (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). As documented above, Provino has a history of filing duplicative civil actions in federal courts relating to the property at 242 Santa Isabel, Laguna Vista, Texas, fleecing, and the death of Helen Provino.  Ultimately, Provino has been warned that continuing his vexatious conduct would result in sanctions, yet he continues to improperly abuse the judicial system with prodigious filings. No good faith basis exists for Plaintiff's claims, because he ignores legal standards and the Court's own requests for appropriate description of the allegations. While no party has been served, and therefore, there is no burden to the defendants, his abuse of the judicial process cannot be

ignored. After repeated filings in various federal courts, Provino's claims have grown only in number, not plausibility. Given Provino has already been granted the opportunity to amend filing in previous courts, file supplemental responses in this Court, and his reliance on the leniency extended to all pro se litigants, it is unlikely that lesser sanctions would deter Provino from renewing his claims and abusing the judicial process. Therefore, it is the recommendation of this Court that Provino be declared a vexatious litigant and enjoined from filing any lawsuits in this District without prior permission.

## VI.    Recommendation

It is RECOMMENDED that Provino's claims against all parties be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915 for frivolousness and failure to state to a claim on which relief may be granted. Dkt. No. 1.

Based on the foregoing documentation of repeated, duplicative filings, the Court further RECOMMENDS that Raphael M. Provino be declared a vexatious litigant and that: (1) monetary sanctions may be imposed for further vexatious litigation considered to be abusive and harassing in nature; and (2) he must obtain leave of Court by filing a motion before he is permitted to file any additional complaints in this district.

It is ORDERED that all pending deadlines, including submission of a joint discovery/case management and proposed scheduling order, are STAYED pending the resolution of this Report and Recommendation.

It is ORDERED that Plaintiff's Motion to Appear for Hearing before U.S. District for the District of Nevada is DENIED AS MOOT consistent with this Report and Recommendation. Dkt. No. 57.

Provino has fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Rolando Olvera. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F. 2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of Provino's procedural defaults, and the objections

period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

Provino may file written objections to this Report and Recommendation by delivering them in person or by United States Postal Service to United States District Clerk at 600 E. Harrison Street, Brownsville, Texas 78520.

If Provino fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F. 3d 243, 248 (5th Cir. 2017).

The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation by United States Postal Service regular mail and certified mail, return receipt requested to Provino's address of record.

Signed on March 5, 2024.

Karen Betancourt
United States Magistrate Judge